**UNITED STATES of America, Plaintiff,**

v.

**Louis SOLDANO, Defendant.**

**No. 85–881–Cr.**

United States District Court,
S.D. Florida.

Jan. 27, 1986.

Michael P. Sullivan, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Joel Kaplan, Miami, Fla., for defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT I OF THE INDICTMENT (WITHOUT PREJUDICE)**

ARONOVITZ, District Judge.

Defendant Louis Soldano, through counsel, has submitted a Motion to Dismiss Count I of a two-count indictment. Count I charges defendant to be a member of a conspiracy to knowingly and intentionally import marijuana into the United States in violation of Title 21 U.S.C. § 963; and Count II is a substantive count charging defendant with knowingly and intentionally importing marijuana into the United States in violation of Title 21 U.S.C. §§ 952(a) and 960(a)(1).

The government has filed a Response to defendant's Motion to Dismiss and the defendant, in turn, has filed a Response to the Government's Response. This matter was considered by the United States Magistrate, Honorable Samuel J. Smargon, who thereupon submitted a Report and Recommendation to this Court dated January 9, 1986, wherein he recommended denial of the motion without prejudice, but *sua sponte* ordered the government to file a bill of particulars so that the indictment is sufficiently specific to inform the defendant of the charges against him in the respect of a list of all known co-conspirators and a more specific and particular beginning date of the conspiracy other than "from an unknown date ...".

Defendant has filed an appeal from and/or objections to the United States Magistrate's Report and Recommendation aforesaid.

This Court has considered all of the aforegoing and has carefully reviewed same, as well as other pertinent parts of the Court record, and has heard oral argument of counsel thereon, and being otherwise fully advised in the premises, it is thereupon

ORDERED and ADJUDGED that the defendant Louis Soldano's appeal of and objections to the Magistrate's Report and Recommendation of January 9, 1986 be, and the same are hereby SUSTAINED and Count I of the Indictment is hereby DISMISSED WITHOUT PREJUDICE.

In his Motion to Dismiss Count I, defendant complains that:

a.) The conspiracy alleged in Count I stated that it existed "from an unknown date until on or about late April, 1983". He interprets this to be an open-ended indictment as to the beginning date and therefore a necessary element of this offense is not included.

b.) Defendant next complains that Count I neither names any co-defendant nor identifies any other person with whom Soldano allegedly conspired. Count I only alleges that Soldano conspired "with persons known and unknown to the grand jury". According to Soldano, these allegations are insufficient to satisfy Sixth Amendment's requirement that Soldano be informed with reasonable specificity of the nature of the charges against him; and, it likewise fails to protect him against double jeopardy.

c.) Defendant Soldano also complains that Count I in its present form deprives him of his right to indictment by a grand jury and that the said Count is insufficient as a matter of law.

The Eleventh Circuit in *United States v. Yonn*, 702 F.2d 1341, 1348 (1983), addresses the necessary elements which should be set forth in a Section 963 conspiracy as follows:

The appellant, Hugo Sanes-Saavedra, first attacks the sufficiency of the indictment, contending that Count II, the count under which he was convicted, was too vague to satisfy his sixth amendment guarantee to be informed of the government's accusation against him. *See Russell v. United States*, 369 U.S. 749, 761, 82 S.Ct. 1038, 1045, 8 L.Ed.2d 240, 249 (1962). To pass constitutional muster, an indictment must be sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecution for the same offense. *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590, 620 (1974). Those requirements are satisfied by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime. 418 U.S. at 117, 94 S.Ct. at 2907, 41 L.Ed.2d at 620–21; *see also United States v. Marable*, 578 F.2d 151, 154 (5th Cir.1978). In addition, "an indictment for conspiracy to commit a criminal offense need not be as specific as a substantive count". *United States v. Ramos*, 666 F.2d 469, 475 (11th Cir.1982).

 In reviewing the specificity of the essential elements alleged in Count I, it appears that this Count does not identify Soldano's alleged co-conspirators. *See Ramos*, 666 F.2d at 474. It further appears that the indictment does not set forth the timespan of the conspiracy; "from an unknown date until on or about late April, 1983 ...". *See Marable*, 578 F.2d at 154; c.f., *United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir.1979) ("open-ended" timeframe considered insufficient). *See also Yonn*, 702 F.2d at 1348, n. 6. It appears that the lack of these allegations causes Count I to be deficient such that the necessary essential elements are not set forth. *See Yonn* at 1348. To be constitutionally sufficient, Count I must allege sufficient and specific facts that apprise the defendant of the charge against him so that he can intelligently prepare his defense, and it must supply him with sufficient facts to plead former jeopardy in a subsequent proceeding for the same offense. *Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962); *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Failure

to comply with either of these constitutional considerations renders the indictment defective and subject to dismissal.

Defendant likewise argues that the absence of a sufficiently specific allegation as to the timeframe of the conspiracy renders this Count insufficient and subject to dismissal because the conspiracy technically could have commenced at anytime since birth and throughout his twenty-four years until late April, 1983, and it is not sufficiently specific to protect him against double jeopardy when coupled with the lack of identification with at least one alleged co-conspirator.

The United States Magistrate attempted to correct the aforegoing deficiency by requiring a bill of particulars to be filed by the government setting forth:

1. A list of all known co-conspirators; and,

2. A more specific and particular beginning date of the conspiracy other than "from an unknown date until on or about late April, 1983".

A bill of particulars cannot save or cure an otherwise invalid or defective indictment. *United States v. Radetsky*, 535 F.2d 556, 565 (10th Cir.1976), *cert. denied*, 429 U.S. 820, 97 S.Ct. 68, 50 L.Ed.2d 81; *United States v. Smith*, 692 F.2d 693 (10th Cir.1982); *Russell v. United States, supra; Van Liew v. United States*, 321 F.2d 664 (5th Cir.1967). It should also be noted that a bill of particulars is furnished by the government, not by the grand jury, and it is difficult to establish that the beginning date which is a deficiency here and as supplied by the government in the bill of particulars, was the same beginning date which the grand jury had in mind; nor can it be certain with specificity that at least one co-conspirator named among those in the bill of particulars was one which the grand jury had so found as a co-conspirator. It is thereupon

ORDERED and ADJUDGED that the Report and Recommendation of the United States Magistrate is OVERRULED and defendant's Motion to Dismiss Count I of the Indictment is GRANTED WITHOUT PREJUDICE.