**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Russell HOBSON, Defendant-Appellant.**

**Russell HOBSON, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**Nos. 85–3517, 86–3589.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 25, 1987.

Rehearing and Rehearing En Banc
Denied Sept. 23, 1987.

---

James M. Shellow, Shellow, Shellow & Glynn, S.C., Stephen M. Glynn, Milwaukee, Wis., for defendant-appellant.

Mike Moore, Kenneth Sukhia, Asst. U.S. Attys., Tallahassee, Fla., for plaintiff-appellee.

James M. Shellow, Shellow, Shellow & Glynn, Stephen M. Glynn, Milwaukee, Wis., for petitioner-appellant.

W. Thomas Dillard, U.S. Atty., Pensacola, Fla., Ferdinand W. Bockelman, Dept. of Justice, Washington, D.C., K.M. Moore, Asst. U.S. Atty., Kenneth W. Sukhia, Tallahassee, Fla., for respondent-appellee.

Before GODBOLD and HILL, Circuit Judges, and ESCHBACH \*, Senior Circuit Judge.

PER CURIAM:

Hobson was convicted in 1981 on six counts relating to the importation and distribution of marijuana. He was sentenced to 35 years imprisonment, a fine of $110,-000, and a two-year special parole term. His conviction was affirmed by the Eleventh Circuit in *U.S. v. Bascaro*, 742 F.2d 1335 (11th Cir.1984), *cert. denied*, 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 613 (1985).[1] Hobson's subsequent motion for a new trial based on newly discovered evidence was denied by the district court. Hobson's appeal of this decision (No. 85–3517) was stayed pending the resolution of his motion to vacate his sentence under 28 U.S.C. § 2255.

---

\* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. For a discussion of the facts underlying Hobson's conviction, see *Bascaro*, 742 F.2d at 1341–42.

Hobson raised four issues in his § 2255 motion before the district court: (1) ineffective assistance of counsel; (2) insufficiency of evidence to support conviction on any count; (3) government knowingly suppressed evidence; and (4) inadmissibility of wiretap evidence. The district court adopted the magistrate's initial and supplemental recommendations and denied Hobson's § 2255 motion. Hobson appeals the district court's adverse ruling on two issues only, insufficiency of evidence and inadmissibility of the wiretap evidence. This appeal (No. 86–3589) was consolidated with his appeal of the district court's denial of his motion for a new trial (No. 85–3517). In both appeals we affirm the district court's denial of Hobson's motions.

 The district court refused to grant Hobson's § 2255 motion on the ground of insufficiency of evidence because Hobson had raised this issue on direct appeal and lost. The Eleventh Circuit also rejected this claim in Hobson's petition for writ of error coram nobis. The district court reasoned that the law is well settled that prior consideration of a defendant's sufficiency of evidence claim precludes further review. We find no error in this reasoning. *See Ordonez v. U.S.*, 588 F.2d 448, 448–49 (5th Cir.) (per curiam), *cert. denied*, 441 U.S. 963, 99 S.Ct. 2409, 60 L.Ed.2d 1068 (1979); *see also U.S. v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 1977, 90 L.Ed.2d 660 (1986); *U.S. v. Rowan*, 663 F.2d 1034, 1035 (11th Cir.1981) (per curiam); *U.S. v. Johnson*, 615 F.2d 1125, 1128 (5th Cir.1980) (per curiam); *U.S. v. Greer*, 600 F.2d 468, 469 (5th Cir.), *cert. denied*, 444 U.S. 902, 100 S.Ct. 213, 62 L.Ed.2d 138 (1979); *Buckelew v. U.S.*, 575 F.2d 515, 517–18 (5th Cir.1978); *McGee v. U.S. District Court*, 489 F.2d 703, 704 (5th Cir.1973) (per curiam).[2]

 The district court held that because Hobson had lost on his claim regarding the inadmissibility of the wiretap evidence before the trial court and on appeal, it would not hold an evidentiary hearing and reconsider the issue in a collateral proceeding under § 2255. The district court did not abuse its discretion. *See Kaufman v. U.S.*, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 1074 n. 8, 22 L.Ed.2d 227 (1969); *Buckelew v. U.S.*, 575 F.2d 515, 517–18 (5th Cir.1978); *Vernell v. U.S.*, 559 F.2d 963, 964 (5th Cir.1977) (per curiam), *cert. denied*, 435 U.S. 1007, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978). This court ruled on Hobson's direct appeal that the wiretaps were sufficient under Florida law and the evidence derived from them was therefore admissible against him. *Bascaro*, 742 F.2d at 1347–48. A subsequent Florida trial court decision that reached the opposite conclusion should not affect our prior ruling on direct appeal.

The district court denied Hobson's amended motion for a new trial based on the newly discovered evidence that the prosecutor allegedly accepted a bribe from Clyde Cobb, a government witness. Hobson contends on appeal that the district court abused its discretion in failing to conduct an evidentiary hearing before denying the motion.

 To prevail on a motion for a new trial based on newly discovered evidence, five elements must be present:

(1) the evidence must be discovered following the trial; (2) the movant must show due diligence to discover the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material to issues before the court; and (5) the evidence must be of such a nature that a new trial would probably produce a new result.

*U.S. v. Bollinger*, 796 F.2d 1394, 1401 (11th Cir.1986). Hobson failed to show that these five elements were present. First, the district court properly discredited the

---

**2.** Hobson's argument that we should reconsider our prior ruling on the sufficiency of the evidence supporting his RICO convictions in light of *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) is unpersuasive. *Sedima*'s footnote explaining that two acts of racketeering do not constitute a pattern unless they have continuity does not necessarily change this circuit's rule, as applied in Hobson's direct appeal, that two separate crimes clearly constitute two separate acts for purposes of RICO. *See Bank of America Nat'l Trust & Savings Assn. v. Touche Ross & Co.*, 782 F.2d 966, 971 (11th Cir.1986).

evidence relied on by Hobson in his motion for a new trial because it was based on uncorroborated and conclusory statements by convicted co-defendants.[3] *See U.S. v. Simmons*, 714 F.2d 29, 31 (5th Cir.1983); *U.S. v. Metz*, 652 F.2d 478, 480–81 (5th Cir. Unit A 1981). Second, Hobson has failed to demonstrate how the allegations of bribery, if introduced at a new trial, would produce a different result. The only benefit to Hobson from this evidence would be in its added impeachment value against Cobb, who testified against Hobson at his original trial. In light of the extensive impeachment of Cobb's testimony and the overwhelming evidence presented on Hobson's guilt, any additional impeachment material with respect to Cobb would have been cumulative and not likely to produce a different result at trial. *See U.S. v. Johnson*, 713 F.2d 654, 662 (11th Cir.1983), *cert. denied*, 465 U.S. 1030, 104 S.Ct. 1295, 79 L.Ed.2d 695 (1984); *Bentley v. U.S.*, 701 F.2d 897, 899 (11th Cir.1983).

AFFIRMED.

---

**3.** Hobson relied on the following newly discovered evidence: (1) Cobb admitted to Tommie Lee, a co-defendant in a related case, that he had bribed the prosecutor; (2) Cobb admitted in a letter to his pre-indictment lawyer that he had bribed the prosecutor; (3) another co-defendant admitted having bribed the prosecutor; (4) Manuel James, who was a co-conspirator's attorney and who was later convicted as a defendant in the case, acknowledged that he had given Cobb's bribe to the prosecutor; and (6) prosecutor resigned the day after James gave his testimony to the grand jury regarding the alleged bribe.