**UNITED STATES of America**

v.

**Nicolasa BLANCO, and Eligio Blanco, et al.**

**No. 89–10020–CR.**

United States District Court, S.D. Florida.

March 7, 1990.

---

**1156**

Michael P. Sullivan, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Neil M. Nameroff, Miami, Fla., for defendant, Blanco.

Nathan E. Eden, Key West, Fla., for defendant Valdes.

Neil Taylor, Miami, Fla., for defendant Blomquist.

Leonard Baer, Coral Gables, Fla., for defendant Beyer.

## ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL AND REQUEST FOR EVIDENTIARY HEARING

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court on defendants Nicolasa Blanco and Eligio Blanco's motion for new trial and request for evidentiary hearing, pursuant to Federal Rule of Criminal Procedure 33.

Federal Rule of Criminal Procedure 33 governs motions for new trial in criminal cases. That rule allows the court on motion of a defendant "to grant a new trial to that defendant if required in the interest of justice." Fed.R.Crim.P. 33. In addition, "[a] motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment." *Id.* Defendant was found guilty in August of 1989, therefore this motion is timely.

The Federal Rules say no more about the standard of proof which may spur the court on to hold a hearing on the motion for new trial. The Eleventh Circuit has set down a test, however:

> This circuit has repeatedly set forth the five-part test courts must apply when evaluating a motion for a new trial based on newly discovered evidence:
>
> (1) the evidence must be discovered following the trial; (2) the movant must show due diligence to discover the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material to issues before the court; and (5) the evidence must be of such a nature that a new trial would probably produce a new result.

*United States v. Hall*, 854 F.2d 1269, 1271 (11th Cir.1988), *citing United States v. Hobson*, 825 F.2d 364, 366 (11th Cir.1987) (per curiam). A recent Eleventh Circuit opinion has slightly reworded the test to read as follows:

> To prevail on a motion for a new trial based on newly discovered evidence, a defendant must satisfy the following four-part test: (1) the evidence must be newly discovered and have been unknown to the defendant at the time of trial; (2) the evidence must be material and not merely cumulative or impeaching; (3) the evidence must be of the type that will probably produce an acquittal; and (4) the defendant's failure to learn of the evidence must not be the result of lack of diligence. The decision to grant or deny the new trial motion is within sound discretion of the trial court.... The trial court should utilize "great caution" in granting a new trial motion based on newly discovered evidence.

*United States v. Wilson*, 894 F.2d 1245, 1252 (11th Cir.1990).

Defendants move for new trial on the ground that, one, the rule of sequestration was violated by a government witness, two, that that government witness threatened the defense witness, and, three, that these purported threats prejudiced defendants. As evidence, defendants submit a letter from the defense witness to the effect that she felt intimidated by her conversation with the government witness. From the letter, it appears that the defense witness solicited those comments from the government witness ("I beeped Joe Villaronga, and asked him what to do"). In addition,

the government witness' comments do not seem particularly threatening ("his reply was, say what you know and remember that he helped the family").

As noted above, the test for a new trial is stringent. The new evidence presented "must be of the type that will probably produce an acquittal," *see United States v. Wilson*, 894 F.2d 1245, 1252 (11th Cir.1990), or "of such a nature that a new trial would probably produce a new result." *United States v. Hall*, 854 F.2d 1269, 1271 (11th Cir.1988), *citing United States v. Hobson*, 825 F.2d 364, 366 (11th Cir.1987) (per curiam). Even if the court assumes defendants' allegations as true, those circumstances would not likely result in acquittal or new result; overwhelming evidence was presented in support of defendants' guilt in this case. Therefore, defendants fail to meet the requirements for new trial. Accordingly, after careful consideration, the court

ORDERS and ADJUDGES that defendants' motion for new trial is hereby DENIED. The court further

ORDERS and ADJUDGES that defendants' motion for evidentiary hearing is DENIED.

DONE and ORDERED.