915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Sigifredo GONZALEZ, a/k/a Rogerigo Gonzalez, Petitioner, Appellant.
 No. 90-1088.
 United States Court of Appeals, First Circuit.
 Sept. 11, 1990.
 
 Appeal from the United States District Court for the District of Rhode Island; Raymond J. Pettine, Senior District Judge.
 Sigifredo L. Gonzales on brief pro se.
 Lincoln C. Almond, United States Attorney, and Kenneth P. Madden, Assistant U.S. Attorney, on brief, for appellee.
 D.R.I.
 AFFIRMED.
 Before BREYER, Chief Judge, and LEVIN H. CAMPBELL and TORRUELLA, Circuit Judges.
 PER CURIAM.
 
 
 1
 Following a jury verdict, appellant Sigifredo L. Gonzales was convicted along with other defendants on four counts of importing and possessing with intent to distribute over 5 kilos of cocaine in violation of 21 U.S.C. Secs. 952(a) and 841(a)(1), Counts II and IV, and conspiracy to do the same in violation of 21 U.S.C. Secs. 963 and 846, Counts I and III. In September 1987 he received concurrent 25 year sentences on all counts plus twenty years of supervised release.
 
 
 2
 The convictions of all defendants were affirmed. United States v. Rengifo, 858 F.2d 800 (1st Cir.1988), cert. denied, 109 S.Ct. 1752 (1989). On appeal, the defendant had argued that certain evidence seized without a warrant should have been suppressed, and that there was insufficient evidence both to arrest and to support the guilty verdicts. We accept the underlying facts as detailed in Rengifo, id. at 802-03, and review the relevant background.
 
 
 3
 On direct review, we found the evidence against Gonzales to be overwhelming. Id. at 806. Government agents testified that they had seen the appellant (and another co-defendant) receive a bag of cocaine from a ship. Their actions immediately after they possessed the bag were also observed. One agent identified the petitioner at trial. This court found the agents' testimony alone sufficient to convict Gonzales on the two substantive charges of importation and possession with intent to distribute cocaine. The warrantless seizure of the key to the appellant's motel room (found in co-defendant's motel room) was upheld because, under the circumstances, the agents had probable cause to believe it was connected to the crime. Id. at 805-06. In Gonzales' room were found sketches and writings that tied him to the other defendants and, this court found, "clearly established" guilt on the conspiracy charges. Id. at 806.
 
 
 4
 Gonzales then filed a pro se motion to correct sentence under 28 U.S.C. Sec. 2255 which presented eight grounds for relief. The district court considered the claims and dismissed the motion in its entirety. United States v. Gonzales, Memorandum and Order, No. 87-019-05 P (D.R.I. Dec. 13, 1989). Since the appellant's pro se brief tracks his Sec. 2255 supporting memorandum below, we address each challenge and, in so doing, find no error in the district court's decision.
 
 A. Mandatory Minimum Sentencing
 
 5
 The appellant first argues that his sentence was illegal because the district court erroneously applied the ten year mandatory minimum penalty of 21 U.S.C. Sec. 960(b)(1) for the Sec. 952(a) importation offense (Count II) to the conspiracy to import offense under 21 U.S.C. Sec. 963 (Count I). Gonzales was convicted under Sec. 963 conspiracy provisions in existence before the November 18, 1988 amendments which made punishment for drug conspiracies identical to those for the offenses that were the object of the conspiracy. See also 21 U.S.C. Sec. 846. Prior to that date a drug conspiracy had the same statutory maximum as the object crime, but no statutory minimum was set out. This ambiguity was remedied by the 1988 conforming amendment. See United States v. Rush, 874 F.2d 1513, 1514-15 (11th Cir.1989), a case relied upon by the appellant. As here, the appellants in Rush were convicted under the version of 21 U.S.C. Sec. 963 in effect before the 1988 amendments. Rush held that the mandatory minimum sentences under 21 U.S.C. Sec. 960(b)(1) did not apply to the Sec. 963 conspiracy conviction. See also United States v. Curry, 902 F.2d 912, 917 (11th Cir.1990) (mandatory minimum penalties for violations of 21 U.S.C. Sec. 841(a)(1) not applicable to pre-amendment version of 21 U.S.C. Sec. 846). In Rush, the appellant's respective ten and twelve year sentences under Sec. 963 were vacated because the district court believed that the mandatory minimums of Sec. 960(b)(1) had applied. Id. at 1515. Even though Gonzales was given a (concurrent) 25 year sentence on the Sec. 963 conspiracy, he seems to be arguing that the district court, in arriving at the 25 year term, calculated the (conspiracy to import) sentence from a minimum base of ten years.
 
 
 6
 There is no indication that the district court in fact applied, or even considered, mandatory minimums with respect to the Sec. 963 sentence. Since Gonzales was sentenced before the 1988 amendments to both the Sec. 963 conspiracy to import (Count I) and the Sec. 846 conspiracy to possess with intent to distribute (Count III), the ten year minimums associated with the substantive offenses, Sec. 952(a) and Sec. 841(a)(1) respectively, did not apply to the conspiracy convictions. Under the pre-amendment versions of both conspiracy statutes in effect at the time of the crime, the district court had the authority to impose different sentences for the substantive and related conspiracy offenses, but it was not obligated to do so. The mere fact that identical 25 year sentences were imposed does not require a conclusion that the Count I conspiracy sentence is illegal.
 
 
 7
 At sentencing, the district judge indicated that the case--involving 115 pounds of almost pure cocaine worth millions in street dollars--was one of the most serious narcotic cases heard by the court. In denying the Sec. 2255 petition, the district court characterized the amount of cocaine as the largest ever to come before the court. Such an offense, the court concluded, required a substantial sentence. Memorandum and Order at 2.
 
 
 8
 Clearly, the district court imposed a 25 year sentence under Sec. 963 primarily because of the seriousness of the crime. Nothing remotely suggests that the district court ever considered a term of less than ten years. The 25 year term was well within Sec. 960(b)(1)'s ten year to life term parameter, and the appellant points to no record indication or even implication that a mandatory minimum term entered into the sentencing decision in any way.
 
 
 9
 We conclude that while no mandatory minimum sentence applied to the Sec. 963 conviction, the district court made clear that Gonzales would have been sentenced to a term greater than 10 years because of the serious nature of the offense. Therefore the sentence on this count is unaffected whether or not a mandatory minimum came into play.
 
 B. Insufficiency of the Evidence
 
 10
 Gonzales contends that the evidence was insufficient to convict him on the two substantive charges: importation under 21 U.S.C. Sec. 952(a), and possession with intent to distribute under 21 U.S.C. Sec. 841(a)(1). He argues that it was not established that he was either a principal or an aider and abettor under 18 U.S.C. Sec. 2. While challenges to the sufficiency of the evidence may be made by a Sec. 2255 motion, see, e.g., Toulabi v. United States, 875 F.2d 122, 124 (7th Cir.1989), citing Jackson v. Virginia, 443 U.S. 307, 318-19 (1979), our prior consideration of that claim precludes further review.[1] See e.g., Santiago v. United States, 889 F.2d 371, 377 (1st Cir.1989); Tracey v. United States, 739 F.2d 679, 682 (1st Cir.1984); see also United States v. Hobson, 825 F.2d 364, 366 (11th Cir.1987), vacated on other grounds, 109 S.Ct. 3233. Gonzales presents no reason to depart from the usual rule. Cf. Robson v. United States, 526 F.2d 1145, 1147-48 (1st Cir.1975).
 
 
 11
 Similarly, we will not consider a challenge to the sufficiency of the evidence supporting the conviction on the Count III conspiracy charge under 21 U.S.C. Sec. 846. To the extent that Gonzales contends that under 21 U.S.C. Sec. 841(a)(1) he cannot be convicted of both conspiring to distribute and conspiring to possess with intent to distribute the same quantity of cocaine, we have held that as long as the evidence is sufficient as to any one of the acts charged in the indictment, any such variance between the statute and an otherwise valid indictment is immaterial. See, e.g., United States v. Boyle, 675 F.2d 430, 433 (1st Cir.1982); see also United States v. Doherty, 867 F.2d 47, 55 (1st Cir.), cert. denied, 109 S.Ct. 3243 (1989).
 
 C. Double Jeopardy
 
 12
 Gonzales next challenges, on double jeopardy grounds, his convictions under both conspiracy statutes, Secs. 963 and 846.[2] He appears to argue that only one conspiracy can exist for an ongoing offense, and states that even though his sentences run concurrently, the allegedly redundant conviction portends adverse collateral consequences. While concurrent sentences on two convictions for the same conduct is impermissible punishment when the elements of each offense are identical, Ball v. United States, 470 U.S. 856, 861-65 (1985), the Supreme Court has held that consecutive sentences for violations of Secs. 963 and 846 are permitted because each provision proscribes different conspiracy objectives--importation as opposed to distribution. Albernaz v. United States, 450 U.S. 333, 336-43 (1981). In United States v. Christensen, 732 F.2d 20 (1st Cir.1984), we recognized that multiple conspiracies can accompany separate object crimes, and form separate statutory offenses, as long as "different ends were at stake [and] that each [conspiracy] required proof of a fact that the other did not." Id. at 23. In Christensen we expressly disavowed the holding of United States v. Honneus, 508 F.2d 566 (1st Cir.1974), a case relied upon by the appellant, and concluded that, after Albernaz, where an agreement embraced separate objects, i.e., importation and distribution, the conspiracy could no longer be viewed as a single crime. Id. at 23 n. 5.
 
 
 13
 Thus, since a conspiracy to import under Sec. 963 and a conspiracy to distribute under Sec. 846 each requires proof of a fact not required by the other, Albernaz, 450 U.S. at 339, they are separate statutory offenses which can result in cumulative or, as here, concurrent sentences. See United States v. Franchi-Forlando, 838 F.2d 585, 591 (1st Cir.1988).
 
 
 14
 Gonzales' parallel argument that concurrent sentences should not have been imposed on the substantive importation and possession with intent to distribute convictions under Secs. 952(a) and 841(a)(1) is likewise unavailing. As long as the elements of these offenses are not identical, separate punishments are constitutionally permitted. Franchi-Forlando, 838 F.2d at 589-90; United States v. Reis, 788 F.2d 54, 57 (1st Cir.1986). Section 952(a) prohibits the importation of certain controlled substances such as cocaine. A violation of Sec. 841(a)(1) has two objectives: possession and distribution. Clearly, one may unlawfully import cocaine without the intent to distribute. It is obvious that each substantive offense requires proof of a unique element which the other does not. Concurrent punishments on these counts do not violate the double jeopardy clause.
 
 D. Defective Indictment
 
 15
 Gonzales next contends that the indictment was defective because the conspiracies alleged under 21 U.S.C. Secs. 963 and 846 (Counts I and III) did not sufficiently identify the onset of the illegal agreement. The indictment recites, in relevant part, that the Count I conspiracy took place "[f]rom a time unknown to the Grand Jury to and including April 13, 1987"; Count III states: "[f]rom on or about a time unknown" until and including April 13, 1987.[3] Gonzales seems to argue that this language was too vague to fully notify him of the offense charged and to permit the preparation of an adequate defense.
 
 
 16
 Nothing in the record before us indicates that a timely objection to the form of the indictment, see Fed.R.Crim.P. 12(b)(2), was raised before or during trial. Such challenges made for the first time on direct appeal are subject to review only in exceptional circumstances and when substantial rights are affected. United States v. Murphy, 762 F.2d 1151, 1155 (1st Cir.1985); United States v. Brien, 617 F.2d 299, 312-13 (1st Cir.), cert. denied, 446 U.S. 919 (1980). Likewise, Rule 12(b)(2)-styled allegations of defects in an indictment may not be raised for the first time in a Sec. 2255 petition unless exceptional circumstances are shown. See United States v. Prince, 868 F.2d 1379, 1383-84 (5th Cir.), cert. denied, 110 S.Ct. 321 (1989); United States v. Shabazz, 657 F.2d 189, 190 (8th Cir.1981); see also United States v. Causey, 835 F.2d 1289, 1291 (9th Cir.1987) (petitioner must show cause why indictment not challenged below); 1 Wright, Federal Practice and Procedure, Sec. 123 at 355-56 and Sec. 193 at 699-702 (defects in an indictment that go to matters of form rather than substance are subject to waiver provisions of Fed.R.Crim.P. 12(b)(2) and 12(f)). At this late date, we read the indictment generously in favor of sufficiency. See United States v. Vanover, 888 F.2d 1117, 1120 (6th Cir.1989), cert. denied, 110 S.Ct. 2177 (1990); United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir.), cert. denied, 488 U.S. 849 (1988); United States v. Richardson, 687 F.2d 952, 962 (7th Cir.1982) ("[T]he tardier the challenge, the more liberally and aggressively have indictments been construed so as to save them.").
 
 
 17
 It is well settled that "the test for sufficiency ... is not whether, in hindsight, the indictment or information could have been more complete, ... but rather whether it fairly identifies and describes the offense." United States v. Allard, 864 F.2d 248, 250 (1st Cir.1989) (citations omitted). We stated in United States v. McLennan, 672 F.2d 239 (1st Cir.1982):
 
 
 18
 The general rule is that an indictment is sufficient under the Constitution so long as it fairly pleads all of the essential elements of an offense and "apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to a subsequent prosecution for the same offense."
 
 
 19
 Id. at 242, quoting Portnoy v. United States, 316 F.2d 486, 488 (1st Cir.), cert. denied, 375 U.S. 815 (1963).
 
 
 20
 The essence of the crime of conspiracy is the agreement to act in concert to commit one or more unlawful acts. Iannelli v. United States, 420 U.S. 770, 777 n. 10, 785 n. 17 (1975); United States v. Porter, 764 F.2d 1, 15 (1st Cir.1985), cert. denied, 481 U.S. 1048 (1987); United States v. Cruz, 568 F.2d 781, 782 (1st Cir.1978) (re 21 U.S.C. Sec. 846). In United States v. Gomez-Pabon, --- F.2d ----, No. 88-1613, slip op. (1st Cir. Aug. 20, 1990), a case involving Secs. 963 and 846 drug conspiracies, we stated:
 
 
 21
 To prove the elements of the crime of conspiracy, the government must show [ (1) ] the existence of a conspiracy, [ (2) ] the defendant's knowledge of the conspiracy, and [ (3) ] the defendant's voluntary participation in the conspiracy.
 
 
 22
 Id. slip op. at 9. Where the allegation of time in an indictment does not go to an essential element of the crime, generality is allowed, United States v. Nunez, 668 F.2d 10, 12 (1st Cir.1981) ("on or about 1977, the exact dates to the grand jury unknown"), and approximate dates are not controlling. United States v. Crocker, 788 F.2d 802, 805 (1st Cir.1986) ("on or about January 1984").
 
 
 23
 We agree with the conclusion in United States v. Roman, 728 F.2d 846 (7th Cir.), cert. denied, 466 U.S. 977 (1984), that an allegation of the specific time each member joined and participated in a conspiracy is not essential to a sufficient indictment under 21 U.S.C. Sec. 846. Id. at 852. In Roman, a direct appeal, the defendant contended that an eleven year time frame was too broad and had prejudiced his ability to prepare a defense. The court examined the essential elements of a Sec. 846 conspiracy and concluded that the time span set out in the indictment was not chosen arbitrarily, and that it adequately apprised the defendant of the charge against him. Id. at 852-53. In United States v. Morris, 700 F.2d 427 (1st Cir.), cert. denied, Graham v. United States, 461 U.S. 947 (1983), a case involving a different criminal conspiracy statute and where the indictment charged that a conspiracy took place "between or about January 1980 and continuing to on or about May 1981", a 16 month interval, generality in the dates alleged was upheld on the ground that since "a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required." Id. at 429. Similarly, date specificity is not a substantive element of a conspiracy offense under 21 U.S.C. Sec. 923 or Sec. 846.
 
 
 24
 Looking at the indictment as a whole, see, e.g., United States v. Santa-Manzano, 842 F.2d 1, 2-3 (1st Cir.1988), we find no prejudice to the defendant. Gonzales knew that the underlying substantive offenses were alleged to have been committed between April 11, 1987 and April 13, 1987, and the recitation of the facts in Rengifo, 858 F.2d at 802-03, indicates that the proof presented at trial was limited to that time-frame. Gonzales fails to present any specifics as to how his ability to defend himself was compromised in any way. Morris, 700 F.2d at 430; see United States v. Paiva, 892 F.2d 148, 154-55 (1st Cir.1989) (lack of precise time period for Sec. 846 conspiracy not shown to demonstrate actual surprise at trial or actual prejudice to any substantive right.)
 
 
 25
 The appellant's reliance upon United States v. Cecil, 608 F.2d 1294 (9th Cir.1979), is, as the district court noted, misplaced. In Cecil, the indictment was found to be open-ended at both ends of the time frame and, overall, so factually deficient as to deprive the defendants of adequate notice of the charges against them. Id. at 1296-97. In both Cecil and United States v. Soldano, 626 F.Supp. 384 (S.D.Fla 1986), also relied upon, conspiracy indictments were found deficient for a conjunction of reasons, not simply because the time frame alleged was too general. Thus, while we find no merit to Gonzales tardy attack on the dates alleged in the conspiracy counts in the indictment, we do not mean to imply that allegations of time such as those here could not be improved by better editing.
 
 E. Supervised Release
 
 26
 Finally, Gonzales challenges the imposition of a supervised release term, arguing that the authorizing statute was not in effect on April 1, 1987 when the substantive offenses, Counts II and IV, were committed. Pursuant to 21 U.S.C. Secs. 960(b)(1) and 841(b)(1)(A), Gonzales was sentenced to two concurrent twenty year terms of supervised release. Gonzales relies upon United States v. Byrd, 837 F.2d 179 (5th Cir.1988), and appears to contend that, as in Byrd, a term of special parole applies. This is incorrect. Byrd involved an offense under Sec. 841(b)(1)(B). In United States v. Ferryman, 897 F.2d 584 (1st Cir.1990), we followed Byrd and held that special parole requirements rather than supervised release applied to those lower volume drug offenses under Sec. 841(b)(1)(B) which were committed between October 27, 1986 and November 1, 1987. Id. at 589. In Ferryman, we extensively reviewed the 1984 and 1986 amendments to the Comprehensive Drug Abuse Prevention and Control Act of 1970 and concluded that the 1986 amendments preserved pre-existing special parole requirements, such as those in Sec. 841(b)(1)(B), until supervised release came into effect on November 11, 1987.
 
 
 27
 In contrast, Gonzales was convicted under Sec. 841(b)(1)(A) which pertains to large scale drug transactions. Subsequently in United States v. Ocasio, 898 F.2d 825 (1st Cir.1990), we concluded, essentially, that the 1986 Amendments to Sec. 841(b)(1)(A), which offenses had no pre-existing special parole provision, were intended to impose supervised release terms immediately upon passage on October 27, 1986. Id. at 828. Accord United States v. Gozlon-Peretz, 894 F.2d 1402, 1404-06 (3d Cir.), cert. granted, 110 S.Ct. 3212 (1990); United States v. Torres, 880 F.2d 113, 114-15 (9th Cir.1989), cert. denied, 110 S.Ct. 873 (1990); see also United States v. Brundage, 903 F.2d 837, 840-843 (D.C.Cir.1990) (surveying treatment of Sec. 841(b)(1)(A) & (B) post-confinement monitoring changes). Because the Supreme Court has granted certiorari in Gozlon-Peretz on the question of the effective date of the 1986 amendments to Sec. 841(b)(1)((A), our conclusion, that the imposition of supervised release here was proper, is without prejudice to the filing of a new Sec. 2255 petition should the Supreme Court's ultimate decision favor the petitioner's position on this issue.
 
 
 28
 We also conclude that what we said in Ferryman and Ocasio applies equally to sentencing under Sec. 960(b) whose penalty provisions, and legislative travel, mirror those of Sec. 841(b). Under the 1986 amendments, for drug convictions involving, as here, more than 5 kilos of cocaine, a mandatory supervised release of at least 5 years is required. Thus, under either sentencing scheme, supervised release and not special parole was the appropriate post-confinement monitoring choice.
 
 Conclusion
 
 29
 For all the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 [1]
 Similarly, we will not address new issues raised for the first time in the reply brief
 
 
 [2]
 The language of these two sections, arising under different subchapters of Title 21, is identical
 
 
 [3]
 The substantive counts specify a time from on or about April 11, 1987 to and including on or about April 13, 1987