UNITED STATES of America, Plaintiff-Appellant,

v.

Ocie MILLS, Carey Mills, Defendants-Appellees.

No. 99-14934.

United States Court of Appeals,

Eleventh Circuit.

Aug. 8, 2000.

Appeal from the United States District Court for the Northern District of Florida.(No. 88-03100-CR-RV), Roger Vinson, Judge.

Before CARNES, MARCUS and FARRIS[*], Circuit Judges.

FARRIS, Circuit Judge:

We decide whether the defendants-appellees, Ocie Mills and Carey Mills, may seek extraordinary relief by way of a writ of coram nobis based on their allegation that jurors in their criminal trial considered extrinsic evidence. We reverse and remand for entry of judgment for the government.

The material facts are undisputed. In 1989, following a jury trial, the Millses, father and son, were convicted of discharging pollutants and unlawfully excavating a canal in the waters of the United States, in violation of the Clean Water Act, 33 U.S.C. § 1251 et seq., and the Rivers and Harbors Act, 33 U.S.C. § 403 et seq., respectively. The unlawful conduct in question was the Millses' (1) placement of red clay landfill on lots they had purchased knowing that the United States Army Corps of Engineers, having designated a portion of the land a wetland, required a permit for any further development, and (2) enlargement of an existing drainage ditch. *See Mills v. United States,* 36 F.3d 1052, 1054 (11th Cir.1994) (per curiam).

Both were sentenced to twenty-one months' imprisonment, one year of supervised release, and a fine of $5,000. The convictions were summarily affirmed on direct appeal. *See United States v. Mills,* 904 F.2d 713 (11th Cir.1990).

---

[*]Honorable Jerome Farris, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

In 1990, Ocie Mills filed a *Bivens*[1] action challenging his arrest and prosecution. The district court dismissed the complaint. The Eleventh Circuit affirmed the dismissal.

In 1991, the district court denied the Millses' motion to vacate their sentences under 28 U.S.C. § 2255. *See United States v. Mills,* 817 F.Supp. 1546 (N.D.Fla.1993). That decision, too, was affirmed on appeal. *See Mills,* 36 F.3d 1052, 1057 (11th Cir.1994). The United States Supreme Court denied certiorari. *See Mills v. United States,* 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995).

As of November 21, 1991, the Millses had completed their terms of imprisonment and supervised release.

On April 11, 1996, the Millses filed a petition for writ of error coram nobis. The basis for the petition was an attached affidavit from Quentin Wise, one of the jurors in the Millses' 1989 criminal trial. Wise contacted Ocie Mills after seeing Mills air his grievances against the government in a television program. Wise's affidavit stated that the foreman of the jury, Thomas J. Smith, had given the jury unfavorable information about the Millses that had not been introduced into evidence at trial. According to the affidavit, the source of Smith's extrinsic information was Smith's son, who allegedly had worked for the "State of Florida Water Management" and was familiar with the Millses and their previous misconduct and problems with the government. Wise's affidavit also stated that Wise felt intimidated by jury foreman Smith.

The district court declined to adopt the report and recommendation and instead concluded that the Millses had stated a cognizable basis for relief. It remanded the matter to the magistrate judge for an evidentiary hearing on the substance of the Millses' allegations of jury misconduct. The district court denied the government's motion for reconsideration, but granted its motion under 28 U.S.C. § 1292(b) to certify this matter for interlocutory appeal. By order dated December 3, 1999, we granted the government permission to appeal under § 1292(b).

THE PARTIES' CONTENTIONS

*A.    The Government's Position*

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Relying primarily on United States Supreme Court authority, the government contends that the basis for the Millses' coram nobis petition—newly discovered evidence that the jury considered extrinsic evidence and therefore was not impartial—is unavailable to remedy alleged "prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence." *See United States v. Mayer,* 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129 (1914); *United States v. Morgan,* 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248 (1954). The government points out that the writ of coram nobis is available only to remedy errors "of the most fundamental character," *see Mayer,* 235 U.S. at 69, 35 S.Ct. 16, and argues that expanding the availability of coram nobis relief by permitting the Millses to proceed would undermine the finality of criminal convictions and the sanctity of jury deliberations.

*B.     The Millses' Position*

The Millses contend that the government has misread *Mayer,* which, in their view, does not foreclose pursuit of coram nobis relief on the basis they have asserted. In the Millses' view, coram nobis relief is available where, as here, it is necessary to achieve justice when no other remedy is available and sound reasons exist for failure to seek earlier relief.

DISCUSSION

The issue is purely a question of law, which we review de novo. *See United States v. Duarte-Acero,* 208 F.3d 1282, 1284 (11th Cir.2000).

Federal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice. *See United States v. Swindall,* 107 F.3d 831, 834 (11th Cir.1997). A court's jurisdiction over coram nobis petitions is limited to the review of errors "of the most fundamental character." *Mayer,* 235 U.S. at 69, 35 S.Ct. 16.[2] Such errors do not include "prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence." *Id.* In addition, courts may consider coram nobis petitions only where no other remedy is available and the

---

[2]The writ of coram nobis has been abolished in civil cases. *See* Fed.R.Civ.P. 60(b).

petitioner presents sound reasons for failing to seek relief earlier. *See Morgan,* 346 U.S. at 512, 74 S.Ct. 247.[3]

The Millses have challenged the applicability of the holding in *Mayer* to this case. The defendant in *Mayer,* Albert Freeman, was convicted in federal district court of misuse of the mails. *See Mayer,* 235 U.S. at 56, 35 S.Ct. 16. He appealed his conviction. *See id.* Ten months later, after the expiration of the term of court during which Freeman's judgment of conviction was entered, Freeman filed a motion in district court to set aside his conviction or for a new trial.[4] One of the grounds for the motion was Freeman's allegation that, during voir dire, one juror concealed a bias against Freeman. *See id.* at 57, 35 S.Ct. 16. Despite, (1) the expiration of the term of court during which Freeman was convicted, and (2) Freeman's pending appeal of his conviction, the government purported to consent to the district court's jurisdiction over the new trial motion. District Court Judge Mayer granted the motion. The government obtained an order from the court of appeals directing Judge Mayer to show cause why a writ of prohibition should not issue forbidding the granting of a new trial.

The Supreme Court held that the district court was without jurisdiction to entertain Freeman's new trial motion for two independent reasons: (1) the term during which Freeman's conviction issued had expired, and the facts did not warrant recognizing any exceptions to this jurisdictional bar, *see id.* at 67-69, 35 S.Ct. 16, and (2) once Freeman appealed his conviction in the court of appeals, the district court was deprived of jurisdiction over his case despite the government's purported consent, *see id.* at 71, 35 S.Ct. 16.

The Court explained that where errors of the most fundamental character existed, a district court might have "correctional jurisdiction" like that available at common law under coram nobis. *Id.* at 69, 35 S.Ct. 16. The Court, however, explicitly refused to decide whether the writ of coram nobis remained an available remedy in the federal courts, and further stated that, even if it was, such relief would be unavailable

---

[3]When *Mayer* was decided, district courts held formal terms of operation lasting for a specified period. *See* 28 U.S.C.A. § 138 (West 1993)(in particular Historical and Statutory Notes, 1948 Acts). A district court could entertain a motion for new trial only if it was filed during the same term of court in which the judgment was entered. *See Mayer,* 235 U.S. at 67-69, 35 S.Ct. 16; Fed.R.Civ.P. 77 advisory committee's note.

[4]The government recognizes that no other remedy is available to the Millses and that they have presented sound reasons for failing to seek relief earlier.

to Freeman. *See id.* at 69, 35 S.Ct. 16. The Court ultimately held that the proper remedy "[i]n cases of prejudicial misconduct in the course of trial, the misbehavior or partiality of jurors, and newly discovered evidence" is "by a motion for a new trial." *Id.*

Subsequent controlling opinions have confirmed the applicability in federal courts of the writ of coram nobis and, moreover, have treated *Mayer* as the source of the applicable rule governing the circumstances under which coram nobis relief is available. Specifically, the Court in *United States v. Morgan,* 346 U.S. 502, 512-13, 74 S.Ct. 247, 98 L.Ed. 248 (1954), citing *Mayer,* held that criminal defendants could pursue coram nobis relief to remedy errors "of the most fundamental character." *Morgan,* 346 U.S. at 512, 74 S.Ct. 247 (citation omitted).[5]

Post-*Morgan* decisions by the Supreme Court, the Fifth Circuit, and the Eleventh Circuit have treated *Mayer* as the source of the controlling rule on the availability of coram nobis relief. *See Carlisle v. United States,* 517 U.S. 416, 428-29, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (citing *Mayer* for the applicable standard governing coram nobis petitions, and stating that it is difficult to conceive of a situation in a federal criminal case today in which coram nobis relief would be necessary or appropriate); *United States v. Addonizio,* 442 U.S. 178, 186, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (citing *Mayer* for the proposition that coram nobis relief is limited to errors of the most fundamental character); *Lowery v. United States,* 956 F.2d 227, 230 (11th Cir.1992) (per curiam) (treating *Mayer* standard as controlling); *Moody v. United States,* 874 F.2d 1575, 1577 (11th Cir.1989) (treating *Mayer* standard as controlling, and affirming denial of coram nobis petition based on allegations of newly discovered evidence); *Granville v. United States,* 613 F.2d 125, 126 n. 1 (5th Cir.1980) (per curiam) (treating *Mayer* standard as controlling); *United States v. Carter,* 437 F.2d 444, 445 (5th Cir.1971) (same).

We understand why the district court might consider juror misconduct to be an error of the most fundamental character. Were we writing on a clean slate, we might agree because, as a theoretical

---

[5]The circumstances in *Morgan* warranting the defendant's pursuit of coram nobis relief were his allegations that, without his competent waiver, the district court had failed to appoint him counsel. *See id.* at 504, 74 S.Ct. 247.

proposition, this argument is not without persuasiveness. After all, the Sixth Amendment expressly guarantees the right to trial by an impartial jury, and the United States Supreme Court has characterized this right as one of the few most fundamental interests guaranteed by the Constitution. *See Gentile v. State Bar of Nevada,* 501 U.S. 1030, 1075, 111 S.Ct. 2720, 115 L.Ed.2d 888 (1991).

Nevertheless, the argument that allegations of jury impartiality should be cognizable on coram nobis as error of the most fundamental character may be compelling, but it is not the law. *See Mayer,* 235 U.S. at 69, 35 S.Ct. 16.

> [The Supreme Court has told us] more than once ... that, "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court, the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 484, 109 S.Ct. 1917, 1921-22, 104 L.Ed.2d 526 (1989); accord, *e.g., Agostini v. Felton,* 521 U.S. 203, 237, 117 S.Ct. 1997, 2017, 138 L.Ed.2d 391 (1997) ("We do not acknowledge and we do not hold that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent."). We have followed that admonition. *See Brisentine v. Stone & Webster Engineering Corp.,* 117 F.3d 519, 525 (11th Cir.1997)("It may be that the Supreme Court has cut *Alexander* [*v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) ] back so far that it will not survive. Perhaps, but we are not convinced we are authorized to sing the dirge of Alexander. We will leave that to the Supreme Court, which has admonished courts of appeals ... '[to leave it] the prerogative of overruling its own decisions.' ")(quoting *Rodriguez de Quijas,* 490 U.S. at 484, 109 S.Ct. at 1921-22); *Engineering Contractors Ass'n v. Metropolitan Dade County,* 122 F.3d 895, 903 (11th Cir.1997).

*Jefferson County v. Acker,* 210 F.3d 1317, 1319 (11th Cir.2000).

Relying on *Mayer,* we have held that allegations of newly discovered evidence are not cognizable in a petition for coram nobis. *See Moody,* 874 F.2d at 1577 (holding that coram nobis is improper vehicle for claims of newly discovered evidence, and observing that coram nobis petitions are similar to motions for new trial).

We therefore reject the Millses' argument that the government's reading of *Mayer* is incorrect. In the Millses' view, *Mayer* simply decided that Freeman could not seek relief in district court because he had another remedy available to him, i.e., pursuit of the appeal of his conviction.

The Millses, however, are mistaken. The Court's two grounds for concluding that the district court lacked jurisdiction in *Mayer* were independent, each alone sufficient to dispose of the case. The Supreme

Court's holding in *Mayer* that Freeman's appeal of his conviction deprived the district court of jurisdiction did not affect its separate holding that Freeman had failed to allege error of a fundamental character such as would have warranted pursuit of coram nobis relief at common law.

We reverse and remand for entry of judgment for the government.

REVERSED and REMANDED.