[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 5, 2005
THOMAS K. KAHN
CLERK

----------------
No. 03-16506
----------------

D. C. Docket Nos. 97-03818-CV-JIC and 87-00879-CR-JIC

BENJAMIN BARRY KRAMER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
--------------------------------------------------------------

**(July 5, 2005)**

Before DUBINA and WILSON, Circuit Judges, and LAWSON*, District Judge.

_____
*Honorable Hugh Lawson, United States District Court for the Middle District of Georgia, sitting by designation.

PER CURIAM:

Petitioner-Appellant Benjamin Barry Kramer appeals the district court's denial of his motion to vacate, set aside, or correct sentence, brought under 28 U.S.C. § 2255. This appeal is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The district court granted a certificate of appealability ("COA") on whether Kramer had been denied "his Sixth Amendment right to counsel of choice." No reversible error has been shown; we affirm.

Kramer was convicted in a federal district court in Illinois of conducting a continuing criminal enterprise and conspiracy to distribute more than 1,000 pounds of marijuana. United States v. Kramer, 955 F.2d 479, 481 (7th Cir. 1992). He was sentenced to life imprisonment without parole. Id. at 482. Kramer was represented at the several-month Illinois trail by Albert Krieger and Mary Catherine Bonner.[1] Kramer stated that he hired Krieger to be lead counsel and viewed Bonner as an assistant.

Subsequently, Kramer was convicted in a federal district court in Florida of several RICO and Travel Act-related offenses involving much of the same conduct.

---

[1]Krieger was admitted to practice law in 1949, focuses mainly on drug and organized crime cases, and has a prestigious reputation as a criminal-defense trial lawyer. Bonner, a family friend of Kramer, was admitted to practice law in 1979 and was hired by Kramer to represent him in a parole matter from an earlier conviction.

Kramer was sentenced to 45 years of imprisonment. Again he was represented by Krieger and Bonner. More than three weeks into trial, Krieger was incapacitated by back spasms and could not continue. Bonner took over Kramer's defense. The district court denied Bonner's requests to sever Kramer from the case or to continue the case until Krieger was able to return. Bonner continued to represent Kramer for the remainder of the trial.[2]

Kramer argues that his Sixth Amendment right to counsel of choice was violated when the district court refused to grant a continuance or sever his trial from that of his codefendants after Krieger became ill and could not continue at trial. Kramer claims he was forced to proceed with Bonner. He asserts: she was retained as "second chair" counsel; she was not prepared to act as lead counsel; and she was not the equal of Krieger. Kramer contends that the reversal of his conviction should be automatic when counsel of choice in good faith becomes unavailable. He also contends that he does not need to show that replacement counsel's performance was constitutionally inadequate.[3]

---

[2]We need not recount here fully the factual circumstances surrounding Krieger's illness and the district court's response; these things are set forth in the district court's order denying Kramer's § 2255 motion.

[3]The government argues that Kramer has procedurally defaulted his counsel of choice claim because he failed to raise it on direct appeal. The district court specifically declined to make a ruling on procedural default and granted a COA on the merits of the substantive claim. We note that Kramer failed to raise this issue on direct appeal, but could have. Bundy v. Dugger, 850 F.2d 1402,

"In a Section 2255 proceeding, we review legal issues de novo and factual findings under a clear error standard." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir.), cert. denied, --- U.S. ----, 125 S. Ct. 167, 160 L. Ed. 2d 154 (2004) (internal quotation marks omitted).

A criminal defendant's Sixth Amendment right to counsel encompasses the right to a reasonable opportunity to select and to be represented by counsel of choice. Birt v. Montgomery, 725 F.2d 587, 592-93 (11th Cir. 1984) (en banc). The right to counsel of choice, however, is not absolute. Id. at 593. "At some point, that right must bend before countervailing interests involving effective administration of the

1411 (11th Cir. 1988) (concluding that petitioner's failure to raise counsel of choice claim on direct appeal constituted procedural default); see United States v. Bowe, 221 F.3d 1183, 1189-91 (11th Cir. 2000) (addressing claim of the denial of counsel of choice on direct appeal); United States v. Ross, 33 F.3d 1507, 1522-24 (11th Cir. 1994) (same). The multi-factor test used to analyze counsel of choice claims considers facts we can glean from the record on direct appeal. Some elements, such as preparedness of counsel, may be open to further exploration later; but, requiring that this issue be raised on direct appeal merely places the burden on replacement counsel to assert a lack of preparedness at the time of trial. We think that Kramer has procedurally defaulted his counsel of choice claim. Further, Kramer has not established cause for and prejudice arising from his default, or that a fundamental miscarriage of justice has occurred. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). He has not argued on appeal that his appellate counsel was ineffective for failing to raise the counsel of choice issue on direct criminal appeal, and Kramer has not established cause. Nor has he established prejudice, as indicated by our discussion of the merits of Kramer's claim. Nonetheless, we do not construe the COA as including the issue of procedural default and do not consider this issue further because the district court specifically declined to rule on procedural default and limited its COA to the merits of the counsel of choice claim. Compare Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (stating that appellate review is limited to the issues specified in the COA), with Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1258 (11th Cir. 2002) (involving a COA issued on the merits of a claim, but after the district court made a threshold ruling that the claim was procedurally barred, this Court construed the COA as including the threshold issue of procedural default as well as the merits). Rather, we review the district court's decision on the merits of Kramer's claim.

courts." Id.

Whether a denial of a continuance or motion to sever impinges on a defendant's right to a "fair and reasonable opportunity" to be represented by counsel of choice depends on a number of factors:

> (1) the length of the requested delay; (2) whether the lead counsel has an associate who is adequately prepared to try the case; (3) whether other continuances have been requested and granted; (4) the balanced convenience or inconvenience to litigants, witnesses, opposing counsel and the court; (5) whether the requested delay is for a legitimate reason, or whether it is dilatory and contrived; [and] (6) whether there are other unique factors present.

Gandy v. Alabama, 569 F.2d 1318, 1324 (5th Cir. 1978).[4]  But, "it is of no relevance that substitute counsel has not been shown to have performed incompetently or ineptly." Id. at 1326.

We conclude that the district court's decision to go on with the trial with Bonner representing Kramer did not deny him the right to a reasonable opportunity to be represented by counsel of choice.  Some elements weigh in Kramer's favor.  For example, Krieger became seriously and genuinely ill during trial, and nothing suggests that Kramer had received continuances previously.  But, the remainder of the elements weigh in favor of the district court's decision to allow the trial to go

---

[4]This Court has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

5

forward.

First, a delay until Krieger had recuperated would have been long and open-ended. Krieger became ill on January 29, 1990, after the trial had been going on for more than three weeks. His condition did not improve, and he did not return to the trial, which continued well into March 1990. Neither Bonner, Krieger, nor Kramer provided the district court with a concrete estimate on the length of the delay.

Second, although Bonner claims that she was not ready to perform as lead counsel, she did not plainly indicate this to the district court, which stated that she was not being "catapulted into the situation unawares." She only informed the district court that Kramer had expressed "discomfort" with her. Bonner was counsel during Kramer's earlier, lengthy Illinois trial; and she conducted witness examination in the Florida trail before Krieger's incapacitation. Additionally, Bonner stated that she organized and reviewed all the discovery in the Florida case and discussed trial preparation and strategies with Krieger.

Third, the inconvenience to the government, witnesses, and the district court would have been great. Many government witnesses were located outside of Florida, and some were from Europe. Having to present these witnesses again in a new, several month trial would have caused a great inconvenience to the government. Further, an open-ended continuance or re-trial could have caused a substantial delay

6

to other litigants awaiting trial. See Gandy, 569 F.2d at 1323 n.9 (noting that the trial court also weighs the rights of another defendant whose trial is delayed by the continuance).

Finally, the district court noted as a "unique circumstance" that the majority of the government's witnesses had been presented before Krieger's incapacitation. Kramer had the benefit of Krieger's preparation for and decision to cross-examine (and in some instances to not cross-examine) these witnesses. Bonner stated that Krieger was present for all of the government's drug related witness and most of the money laundering witnesses, and she did not expect the financial witnesses to be harmful to Kramer.

In sum, the district court correctly concluded that Kramer was not denied a reasonable opportunity to select counsel of his choice when it went forward with the trial after Krieger's incapacitation.[5]

**AFFIRMED.**

---

[5]Kramer also claims that the district court erred by improperly relying on the supposedly overwhelming evidence against him and by examining the competence of Bonner's performance. We need not decide this issue because regardless of these matters, we conclude that the district court properly weighed the applicable elements and correctly denied Kramer's § 2255 motion.