[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 15, 2007
THOMAS K. KAHN
CLERK

No. 06-16155
Non-Argument Calendar

_____

D. C. Docket Nos. 03-02582-CV-T-27TGW & 00-00013-CR-27T

EDWARD VINCENT DIPIETRO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 15, 2007)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Edward DiPietro, through counsel, appeals the district court's denial of his *pro se* motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255. In his motion, DiPietro raised claims including, *inter alia*, prosecutorial misconduct and failure to disclose exculpatory evidence. Specifically, DiPietro claimed the Government (1) "tricked" the district court into believing the transaction for which he was arrested was to be for ten kilograms rather than four, and (2) failed to release certain telephone conversations mentioned in the criminal complaint. We granted a certificate of appealability (COA) with regard to "(1) [w]hether the appellate counsel on direct appeal was ineffective for failing to assert appellant's prosecutorial misconduct and failure to disclose exculpatory evidence claims[,]" and "(2) [i]f so, whether counsel's ineffectiveness constitutes sufficient cause and prejudice to excuse the appellant's procedural default in failing to raise those two claims at trial or on direct appeal."

The district court did not address whether DiPietro's counsel was ineffective for failing to bring these claims. Thus, we assume, *arguendo*, that ineffective assistance of counsel caused DiPietro's procedural default, and focus on the prejudice prong of the second question. However, we first address DiPietro's argument the district court erred by determining he procedurally defaulted his claims of prosecutorial misconduct and failure to disclose exculpatory evidence.

**I.**

Normally, our review is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998). However, we have also held that procedural issues, such as whether a claim has been procedurally defaulted, that must be resolved before we can address the claim specified in the COA are presumed to be encompassed in the COA. *Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1258 (11th Cir. 2002). The district court's finding that a claim is procedurally barred presents a mixed question of law and fact that we review *de novo*. *Ogle v. Johnson*, 488 F.3d 1364, 1368 (11th Cir. 2007).

A criminal defendant who fails to object at trial, or to raise an available ground of error on direct appeal, is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Id.*

Contrary to DiPietro's assertions that the errors were not apparent on the face of the record, the recorded phone conversations were identified in the criminal complaint. Moreover, Detective Garcia testified at trial that the recordings had been made. Therefore, the existence of the recordings was apparent from the face

of the record, and DiPietro had the opportunity to object to his lack of access to them both at trial and on appeal. Similarly, there was testimony at both the trial and the sentencing hearing that the transaction was for ten kilograms of cocaine. Therefore, this issue also was apparent from the face of the record. Furthermore, DiPietro's argument that he could not have brought the issues on appeal because counsel failed to object at trial presents circular logic in that the failure to object, either at trial or on appeal, was, itself, the procedural default. *See Mills*, 36 F.3d at 1055. Accordingly, DiPietro procedurally defaulted the claims of prosecutorial misconduct and failure to disclose exculpatory evidence, and therefore, he was required to prove cause and prejudice in order to obtain review of these claims.

**II.**

In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions *de novo* and its findings of fact for clear error. *Garcia v. United States*, 278 F.3d 1210, 1212 (11th Cir. 2002). In order to for a claim to be cognizable under 28 U.S.C. § 2255, it generally must be based on a constitutional right. *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988). In some cases, prosecutorial misconduct may be so great as to constitute a violation of the Due Process Clause of the Constitution. *Parker v. Head*, 244 F.3d 831, 838 (11th Cir. 2001). Accordingly, although the district court's analysis of non-

4

constitutional claims was correct, it erred to the extent it viewed DiPietro's

prosecutorial misconduct claim as completely foreclosed by § 2255.

Nevertheless, the district court correctly noted that, where a defendant

procedurally defaults a claim, he must show cause for, and actual prejudice from,

any alleged error. *See Mills*, 36 F.3d at 1055.[1] Ineffective assistance of counsel

may constitute cause to excuse procedural default. *Eagle v. Linahan*, 279 F.3d

926, 937 (11th Cir. 2001). In order to establish prejudice, a defendant must show

that "errors at trial worked to his *actual* and substantial disadvantage, infecting his

entire trial with error of constitutional dimensions." *Cross v. United States*, 893

F.2d 1287, 1292 (11th Cir. 1990) (alteration in original).

A defendant may avoid the need to show cause and prejudice on a

procedurally defaulted claim by raising a substantive issue of ineffective assistance

of counsel for failure to assert the claim. *Eagle*, 279 F.3d at 938 (holding, in the

§ 2254 context, that where appellate counsel did not bring a *Batson*[2] challenge on

appeal, the defendant would have to show cause and prejudice to obtain review of

that claim, but could obtain review of his ineffective assistance of counsel claim

without such a showing). However, here, DiPietro presented defaulted, substantive

---

[1] Because DiPietro has not argued that he can prove actual innocence, we find it unnecessary to consider whether he may obtain review based on actual innocence. *See Mills*, 36 F.3d at 1055.

[2] *Batson v. Kentucky*, 106 S. Ct. 1712 (1986).

claims of prosecutorial misconduct and failure to disclose exculpatory evidence (and asserted ineffective assistance of counsel as cause), rather than a substantive ineffective-assistance-of-counsel claim.  Therefore, assuming that ineffective assistance of counsel constituted cause, he still was required to prove prejudice in order to excuse the default.  *See Eagle*, 279 F.3d at 938.

Under *Brady*, "'the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment.'"  *Grossman v. McDonough*, 466 F.3d 1325, 1341 (11th Cir. 2006) *cert. denied*, 127 S. Ct. 2430 (2007) (quoting *Brady*, 83 S. Ct. at 1196-97).  "Evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"  *Id.* at 1341-42 (quoting *United States v. Bagley*, 105 S. Ct. 3375, 3383 (1985)).  In other words, "the materiality standard for *Brady* claims is met when the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict."  *Banks v. Dretke*, 124 S. Ct. 1256, 1276 (2004) (quotation marks omitted).

Assuming, *arguendo*, that DiPietro's counsel was ineffective, constituting cause for his procedural default, DiPietro had to also show that he was actually prejudiced by the failure to bring the claims in order to obtain review of them.  *See*

*Cross*, 893 F.2d at 1292. First, with regard to the claim the Government "tricked" the district court into believing that ten kilograms were involved in the transaction, contrary to DiPietro's claim the testimony at trial was that only four kilograms were involved, both Munoz and Detective Garcia testified at trial that the agreement was for ten kilograms of cocaine. Moreover, at sentencing, the district court apparently did not rely on any statement made at the sentencing hearing in finding that ten kilograms were involved, but said "I will determine *based on the evidence presented to the jury* that the amount of cocaine that was the subject of the conspiracy . . . exceeded five kilograms or more . . . of cocaine." (Emphasis added). Because there is no evidence the Government attempted to "trick" the court into finding that ten kilograms were involved, the district court correctly found that DiPietro had not shown prejudice based on this alleged error.

With regard to the failure to disclose the recordings, the district court did not make a finding as to whether the Government suppressed the evidence of the recordings. Assuming, *arguendo*, the Government suppressed the recordings, there is no evidence they would have had any effect on the outcome of the trial. First, DiPietro did not identify anything specific in the recordings that would have cast doubt on the credibility of Munoz or the confidential informant or on the procedure used in obtaining their cooperation. Moreover, with regard to Munoz's credibility,

7

the jury was already presented with reason to doubt Munoz's credibility when (1) Agent Keiken testified that Munoz changed the story he told to officers, (2) Munoz admitted he had been living illegally in the United States, and (3) DiPietro's counsel cross-examined Munoz about the favorable terms he would receive if he were to testify. Finally, with regard to the amount of cocaine, even if the recordings show Munoz and the confidential informant agreed on four kilograms of cocaine, Munoz testified the deal was originally for four kilograms, but that the parties later agreed on ten kilograms. In light of all these considerations, DiPietro failed to show there was a reasonable probability the recordings would have affected the outcome of the trial, and therefore, the district court did not err in determining DiPietro failed to establish prejudice on this basis.

DiPietro has not established prejudice on either ground. Thus, we affirm the district court.

**AFFIRMED.**