[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 18-13071, 18-14115, & 18-14292
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00437-TCB-CMS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANNAMALAI ANNAMALAI,
PARVATHI SIVANADIYAN,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(November 18, 2019)

Before TJOFLAT, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

In *United States v. Annamalai*, No. 15-11854, 2019 WL 4621970 (11th Cir. Sept. 24, 2019), we resolved Annamalai Annamalai's direct criminal appeal. We set aside a number of his convictions, as well as his sentence, and remanded for resentencing. In this appeal, Mr. Annamalai and one of his co-defendants, Parvathi Sivanadiyan, challenge the denial of their post-trial motions.

For the reasons which follow, we affirm. We assume the parties' familiarity with the record, and set out only what is necessary to resolve these appeals.[1]

1. The appellants contend that the district court could not rule on their post-trial motions without first referring them to a magistrate judge under Local Criminal Rule 12.1(E)(1) for the Northern District of Georgia. This argument fails because Rule 12.1(E)(1) applies to "pleadings and motions before trial."

2. The appellants argue that they were entitled to certain documents under the Jencks Act, 18 U.S.C. § 3500. But they do not explain how these documents would help them, and as a result they are not entitled to relief on appeal. *See, e.g., United States v. Hameker*, 455 F.3d 1316, 1327 (11th Cir. 2006) (affirming denial of post-trial motion under the Jencks Act in part because the "non-disclosure of th[e] material[s] did not prejudice Appellants in any way").

---

[1] We deny Mr. Annamalai's motion to supplement the record in Nos. 18-14115 and 18-14292. We also deny Mr. Annamalai's motion to expedite.

3. Mr. Annamalai challenges the district court's denial of his motion to strike the criminal judgment from the record. This claim is moot given our decision in *Annamalai*, 2019 WL 4621970, at \*16, which requires that Mr. Annamalai be resentenced and that a new judgment be entered.

4. Mr. Annamalai says that the district court should have referred Agent Langmendel for investigation. We disagree. In fact, the portion of Agent Langmendel's testimony that Mr. Annamalai relies on is consistent with our explanation in *Annamalai*, 2019 WL 4621970, at \*15-\*16, that not all of the followers of the Hindu Temple were necessarily defrauded.

5. Mr. Annamalai asserts that the district court violated the Speedy Trial Act. We are not persuaded. First, a claim under the Act had to be asserted before trial, and then on appeal. *See, e.g.,* 18 U.S.C. § 3162(a)(2). Second, even if the argument was not waived, the trial took place within 70 non-excludable days of the indictment, so the Act was not violated.

6. Mr. Annamalai contends that there was insufficient evidence to support his convictions for bank fraud and filing a false federal tax return. He also asserts that venue was improper for the false tax return charge. But he did not challenge those convictions on direct appeal, and therefore cannot attack them after trial absent a showing of cause and prejudice or a fundamental miscarriage of justice. *See*

3

*generally United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994)

7.    Mr. Annamalai argues that his convictions for bankruptcy fraud, conspiracy to commit bankruptcy fraud, money laundering, and conspiring to harbor a fugitive should be reversed for a number of reasons.  These arguments are moot given our decision in *Annamalai*, 2019 WL 4621970, at *5-*14, in which we set aside these convictions.

8.  Mr. Annamalai makes a number of claims relating to ineffective assistance of counsel.  The record is not properly developed as to these claims, so we decline to address them at this time.  *See United States v. Andrews*, 953 F.2d 1312, 1327 (11th Cir. 1992).

**AFFIRMED.**[2]

---

[2] As to any arguments not specifically addressed in this opinion, we summarily affirm.