[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11187
Non-Argument Calendar
_____

D.C. Docket No. 6:94-cr-00166-RBD-KRS-1


UNITED STATES OF AMERICA,

                                                              Plaintiff - Appellee,

versus

LUTHER LEROY WOODS,

                                                              Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 24, 2020)

Before MARTIN, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

    Luther Leroy Woods, a former federal prisoner proceeding pro se, appeals

the district court's order denying his petition for a writ of error coram nobis

brought pursuant to the All Writs Act, 28 U.S.C. § 1651.  On appeal, Woods argues his statute of conviction, 18 U.S.C. § 2113(d), is void for vagueness.  He asserts this error to be a "fundamental" jurisdictional issue because "the court did not have subject-matter jurisdiction to accept [his] guilty plea."  The government, in turn, argues the district court lacked subject matter jurisdiction to entertain the application in a coram nobis proceeding.  After careful consideration, we affirm the district court's denial of the petition for a writ of error coram nobis.

## I.

We review the denial of coram nobis relief for abuse of discretion.  See Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (per curiam).  "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255."  United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002) (per curiam).  Coram nobis relief is "limited to cases in which no statutory remedy is available or adequate."  United States v. Brown, 117 F.3d 471, 474–75 (11th Cir. 1997) (quotations marks omitted).  Issuance of the writ is only proper when "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid."  Moody v. United States, 874 F.2d 1575, 1576–77 (11th Cir. 1989).  Thus, the bar for granting a petition for a

2

writ of error coram nobis is high, and district courts may consider coram nobis

petitions only when the petitioner "presents sound reasons for failing to seek relief

earlier." United States v. Mills, 221 F.3d 1201, 1204 (11th Cir. 2000).

## II.

### A.

The government argues the district court lacked subject matter jurisdiction

over the petition for a writ of error coram nobis, contending that Woods's request

for relief was functionally an impermissible successive 28 U.S.C. § 2255 motion.

Under the All Writs Act, federal courts are authorized to issue "all writs

necessary or appropriate in aid of their respective jurisdictions and agreeable to the

usages and principles of law." 28 U.S.C. § 1651(a). "As the text of the All Writs

Act recognizes, a court's power to issue any form of relief—extraordinary or

otherwise—is contingent on that court's subject-matter jurisdiction over the case or

controversy." United States v. Denedo, 556 U.S. 904, 911, 129 S. Ct. 2213, 2221

(2009). The district court, as the sentencing court, has jurisdiction to decide a

coram nobis application. See Custis v. United States, 511 U.S. 485, 512 n.7, 114

S. Ct. 1732, 1746 n.7 (1994) (Souter, J., dissenting). The writ of coram nobis is

"properly viewed as a belated extension of the original proceeding during which

the error allegedly transpired." Denedo, 556 U.S. at 913, 129 S. Ct. at 2221; see

also United States v. Morgan, 346 U.S. 502, 512, 74 S. Ct. 247, 253 (1954)

(explaining that "[a]lthough the term has been served, the results of the conviction may persist," such that jurisdiction would extend under coram nobis to correct fundamental errors).

Here, Woods has completed his federal sentence and could not satisfy the "in custody" requirement for 28 U.S.C. § 2255 purposes. Therefore, the district court properly construed the request as a petition for a writ of error coram nobis. See Morgan, 346 U.S. at 510–511, 74 S. Ct. at 252 (rejecting the contention that the enactment of 28 U.S.C. § 2255 displaced the availability of the remedy of coram nobis). As such, the district court had jurisdiction to evaluate the petition.

Nevertheless, we conclude that Woods's void-for-vagueness argument was improperly brought in the petition for a writ of error coram nobis because his claim could have been raised in an earlier motion. "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development," Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam), or when it can be raised in a motion to vacate his conviction, see 28 U.S.C. § 2255. The argument regarding vagueness did not require further factual development and could have been brought under § 2255. Woods states he "raised the claim as soon as he learned of the error," Appellant's Br. at 5, but this bare statement is insufficient to justify raising the issue for the first time under coram nobis. Because earlier available avenues would have been adequate to remedy

4

Woods's vagueness concerns, the argument was improperly raised in his coram nobis petition.

B.

In any event, Woods's argument can be denied on the merits.  We review <u>de novo</u> whether a criminal statute is unconstitutionally vague.  <u>United States v. Wayerski</u>, 624 F.3d 1342, 1347 (11th Cir. 2010).  Vagueness is "an outgrowth of the Fifth Amendment's Due Process Clause" which "encompasses notions of fair warning such that people of common intellect may understand a statute's prohibitions and need not guess at its meaning."  <u>Id.</u>  "A criminal statute will violate due process if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits or it authorizes or even encourages arbitrary and discriminatory enforcement."  <u>Id.</u> (quotation marks omitted).  "When the plain text of the statute sets forth clearly perceived boundaries, our inquiry is ended."  <u>Id.</u>

The statute of Woods's conviction, 18 U.S.C. § 2113(d), provides for a 25-year maximum sentence for any person who, "in committing . . . any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device."

5

Subsections (a) and (b) in turn provide a lengthy list of elements.[1]  Woods argues § 2113(d) is unconstitutionally void for vagueness because § 2113(a) and (b) merely list elements and have no "offense" defined, save for the mention of "larceny."  This argument lacks merit.

Section 2113 is entitled "Bank robbery and incidental crimes," and the plain text of § 2113(a) and (b) set forth clearly perceived boundaries that a person of

---

[1] Subsections (a) and (b) state in their entirety:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both; or
>
> Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 2113(a) & (b).

ordinary intelligence would understand to prohibit armed bank robbery, the conduct with which Woods was charged. That larceny is the only crime expressly named in subsections (a) and (b) does not help Woods, as the elements listed otherwise provide sufficient notice of the statute's coverage. The conduct for which Woods was convicted therefore remains within the reach of a valid federal statute. Because "one to whose conduct a statute clearly applies may not successfully challenge it facially for vagueness," id. at 1348 (quotation marks omitted) (alterations adopted), we need not decide the facial validity of the statute. We conclude only that 18 U.S.C. § 2113(a), (b), and (d) are not unconstitutionally vague as applied to Woods.

## C.

Finally, we address Woods's argument that the district court abused its discretion in denying his petition as a § 2255 motion. Although the district court initially construed Woods's petition as a § 2255 motion and denied it as impermissibly successive, it subsequently vacated that judgment and denied the petition for a writ of error coram nobis on the merits. Woods's objection to the now-vacated order construing his petition as a § 2255 motion is therefore moot. See United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008) (per curiam) ("A case on appeal becomes moot, and ceases to be a case or controversy, when it

no longer presents a live controversy with respect to which the court can give meaningful relief." (quotation marks omitted)).

*    *    *

Woods does not provide sound reasons for failing to seek relief earlier. Neither has he demonstrated any fundamental error rendering his conviction irregular and invalid. We therefore conclude the district court did not abuse its discretion in denying Woods's petition for a writ of error coram nobis.

**AFFIRMED.**